UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SMITH CENTRAL REGIONAL
CENTER, LLC,

                    Plaintiff,

        v.

MFH PROPERTIES, LLC,

                    Defendant.

CASE NO. 2:25-CV-1047-DWC

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

Currently before the Court is Plaintiff Smith Central Regional Center LLC's Motion for

Summary Judgment. Dkt. 14.[1] After consideration of the record, the Motion for Summary

Judgment (Dkt. 14) is GRANTED.

**I.      Background**

Plaintiff Smith Central Regional Center LLC ("SCRC") alleges SCRC and Defendant

MFH Properties, LLC ("MFH") entered into a Sponsorship Agreement, wherein MFH agreed to

pay certain sums to SCRC in exchange for SCRC providing sponsorship services to MFH under

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 7.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 1

the EB- 5 Immigrant Investor Program. Dkt. 1. SCRC contends MFH has failed to pay a substantial portion of the amounts owed under the contract and now seeks payment of the amount owed and attorney fees. *Id*.

SCRC filed the Motion for Summary Judgment on December 16, 2025. Dkts. 14, 15 (supporting evidence). A response to the Motion for Summary Judgment was due on or before January 6, 2026. MFH has not filed a response and, on January 8, 2026, SCRC filed a reply (titled Notice of Non-Opposition to Motion for Summary Judgment). Dkts. 16, 17 (supporting evidence). Evidence indicates MFH does not intend to respond to the Motion for Summary Judgment. *See* Dkt. 17. SCRC requested oral argument; however, the Court has considered the record and finds this matter can be resolved on the record without oral argument.

**II.    Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 2

*Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.    Discussion**

SCRC seeks summary judgment on the breach of contract claim, the sole claim in this case. Dkt.14.

A.    Evidence

The evidence shows SCRC is a "regional center" within the meaning of the EB-5 Immigration Investor Program under the Immigration Act of 1990. Dkt. 15, Smith Dec., ¶ 3. SCRC sponsors qualifying investments by foreign investors seeking to establish permanent residency in the United States. *Id*. MFH is a property developer that is renovating and redeveloping the Kansas City Club, a building located in Kansas City, Missouri. *Id*. at ¶ 4. SCRC and MFH executed and entered into a Sponsorship Agreement ("Agreement") on April 6, 2017. *Id*. at ¶ 5.[2] "SCRC has performed, and continues to perform, all of its obligations under section 1.4 of the Agreement." Dkt. 15, Smith Dec., ¶ 9. MFH has not paid SCRC all amounts due and owed to SCRC under the Agreement. *Id*. at ¶ 10. As of December 15, 2025, there is an outstanding balance of $441,676.71 owed by MFH to SCRC for services performed under the Agreement. *Id*.

Section 10.2 of the Agreement provides that the Agreement is "governed by and construed using Washington law, without giving effect to Washington conflict of law provisions or to constructive presumptions favoring either Party." Dkt. 15 at 19 (Section 10.2). Under the Agreement, the parties consent to venue and jurisdiction of the state and federal courts located in

---

[2] SCRC was named Central Western Regional Center LLC at the time the Agreement was signed. Dkt. 15, Smtih Dec., ¶ 6. In July of 2017, Central Western Regional Center LLC changed its time to SCRC. *Id*. Central Western Regional Center LLC and SCRC refer to the same legal entity. *Id*.

Washington for disputes arising under the Agreement. *Id*. The Agreement incorrectly states SCRC, a Washington limited liability company, is located in Missouri and MFH, a Missouri limited liability company, is located in Delaware. Dkt. 15, Smith Dec., ¶¶ 7-8.

    B.    Breach of Contract

To establish breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) breach of that contract; and (3) resulting damages. *See Storti v. Univ. of Wash.*, 181 Wash.2d 28, 35 (2014).

    *Valid Contract.* SCRC states MFH breached a contract between SCRC and MFH that required MFH to pay certain amounts for SCRC's performance of services under the Agreement. *See* Dkt. 15. SCRC has provided a copy of the signed Agreement. *Id*. MFH does not provide evidence that the Agreement is not valid. While the Agreement incorrectly identifies the location of each party, the Court finds these errors are not material to the contractual terms and do not invalidate the Agreement. *See BKWSPOKANE LLC v. F.D.I.C.*, 12 F. Supp. 3d 1331, 1337 (E.D. Wash. 2014) (finding a scrivener's error in a contract identifying the wrong location of a company did not invalidate the agreement between contracting parties). Therefore, the Court finds there is a valid contract.

    *Breach of Contract.* SCRC has provided undisputed evidence that it performed and continues to perform the duties detailed in Section 1.4 of the Agreement. Dkt. 15, Smith Dec., ¶9; *see also* Dkt. 15 at 8. The Agreement requires MFH to pay for the duties performed in Section 1.4. *See* Dkt. 15 at 10-11 (Section 2.2-2.7). SCRC has provided undisputed evidence that MFH has not provided payment for the services, breaching the terms of the Agreement. Dkt. 15, Smith Dec., ¶ 10; Dkt. 15 at 24.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 4

*Damages.* The evidence shows MFH's breach of the Agreement has resulted in a failure to pay $ 441,676.71 to SCRC. Dkt. 15, Smith Dec., ¶ 10; Dkt. 15 at 24. Therefore, there is sufficient evidence to show SCRC has been damaged as a result of MFH's breach of the Agreement.

In summation, the evidence shows there is a valid contract, MFH breached the contract, and that breach resulted in actual damages to SCRC. Therefore, SCRC is entitled to summary judgment.

**IV.     Conclusion**

Based on the record before the Court, MFH has failed to rebut SCRC's showing that MFH is liable for a breach of contract. Therefore, SCRC's Motion for Summary Judgment (Dkt. 14) is GRANTED. Summary judgment is entered against Defendant MFH Properties, LLC and in favor of Plaintiff Smith Central Regional Center LLC in the amount of $441,676.71. SCRC may file a motion for attorney fees, as allowed under the Agreement, within 14 days of the date of this Order.

Dated this 23rd day of January, 2026.

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 5